(No. 77-CC-0908—)

MARDEL CARLSON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 31, 1983.*

PHILLIP F. MAHER, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM R. WALLIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant, Mardel Carlson, as executrix of the estate of her daughter, Patsy Joyce Gunn, seeks a recovery based upon the wrongful death of her daughter

against the State which treated her at both the Tinley Park Mental Health Center, a unit of the Department of Mental Health and Developmental Disabilities, and the Illinois Research Hospital, a part of the University of Illinois.

The Claimant and Respondent have entered into a joint stipulation settling this claim. This stipulation indicates that on September 9, 1975, Claimant's decedent was readmitted as a patient at the Tinley Park Mental Health Center. On October 7, 1975, decedent started having grand-mal seizures and on the same day was transferred to the Illinois Research Hospital, where she died on October 11, 1975. The decedent's death resulted from a 40-hour period of seizure activity.

Claimant also filed a suit in the circuit court of Cook County, No. 75 L 24002, against other institutions and individuals who had provided treatment to the decedent. This claim was settled for $22,000. The State has filed a lien against the estate of the decedent in the amount of $10,000 for treatment rendered to the decedent.

The parties have further agreed that no further evidence will be introduced, and that the rights to a hearing and to file briefs have been waived.

Lastly, Claimant in consideration of the payment of the above stated amount, waives, releases and relinquishes any and all claims whatsoever, which are the subject of the instant complaint against the State of Illinois, and any department or agency or any individual acting as an employee or agent of the State of Illinois or any of its departments or agencies.

It is the prerogative and duty of the Court to adjudicate for itself the issues of negligence, proximate cause and damages, and in so doing, it is not bound by facts agreed upon by the parties to the action. At the same

time, the Court is not mandated to reject stipulations and agreed amounts of damages; nor is the Court desirous of creating a controversy where none appears to exist. *(Kowaczek v. State* (1979), 33 Ill.Ct.Cl. 70, 72.) Where the parties agree to compromise a claim, this Court should not and will not arbitrarily set aside an agreement absent an indication of possible fraud or duress on the part of one of the parties. *(A & T Movers v. State* (1980), 33 Ill.Ct.Cl. 77, 79.) There is no such indication present here.

The Court has reviewed the facts set forth in the joint stipulation. It appears that the stipulation is accurate, and that it has been entered into legitimately. The Court is also of the opinion that an award of $22,000 less a set-off of $10,000 is a fair and reasonable amount for the settlement of this claim.

It is hereby ordered that the sum of $22,000 be awarded claimant, less a set-off of $10,000 resulting in a net award of $12,000.00 (twelve thousand dollars and no cents).